# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**951**

**CAF 11-00118**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF TIOSHA J., TAMARI J.,
AND KAMARI J.
----------------------------------------

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

THOMAS J., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered December 21, 2010 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order that, inter alia, terminated his parental rights with respect to his three children on the ground of permanent neglect.  We previously affirmed the order with respect to the children's mother (*Matter of Tiosha J.*, 96 AD3d 1498), and we likewise affirm the order with respect to the father.  Although the father completed parenting classes, one anger management class and substance abuse and mental health evaluations, he failed to attend a second anger management program following his arrest in connection with a domestic violence incident wherein he allegedly assaulted the mother and damaged the interior of her home. He also failed to cooperate with petitioner's employees when they attempted to gain access to his home, the condition of which was the basis of the removal of the oldest child, and he refused to verify his income (*see id.*).  Thus, we conclude that the father did not adequately address the issues that caused the removal of the children (*see id.; Matter of Rachel N.*, 70 AD3d 1374, 1374, *lv denied* 15 NY3d 708).  We note that, during the five years in which the children were in foster care prior to the entry of the order of disposition, the father had only supervised visitation with the children, two of whom had never been in the parents' care and one of whom had been in the parents' care for only 10 months.  We therefore conclude that the court properly determined that it was in the best interests of the

children to terminate the father's parental rights.